Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6413 | **DATE** | 10/20/2011 |
| **CASE TITLE** | Alexander A. Fels vs. State Of Illinois | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, and even when liberally construing the *pro se* complaint, Plaintiff has failed to state a valid federal claim for relief. To the extent that Fels seeks to pursue any state law claims, he has not shown that this court has subject matter jurisdiction. Therefore, the instant action is dismissed. All pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Alexander A. Fels' (Fels) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id*

Fels indicates that he is bringing this action pursuant to 42 U.S.C. § 1983 (Section 1983) for alleged violations of his constitutional rights. Fels alleges in a conclusory manner that he was "coerced into two separate guilty pleas." (Compl. 3). However, Fels fails to allege any facts relating to that accusation and fails to plausibly suggest any constitutional violation relating to a guilty plea. Nor has Fels shown that the "State of Illinois," which is the only named Defendant, would be the appropriate party to sue regarding any guilty plea. Fels also claims that he was held in jail for 324 days "for a firearm that found it's [sic] way into [his] hospital room four days after four Lincolnwood Police Officers searched [him] and [his] hospital bed." (Compl. 4). In addition, Fels alleges that he had a bond set at $50,000 because he "bumped a fire department door. . . ." (Compl. 4). However, Fels fails to provide any additional facts that would plausibly suggest a constitutional violation. Nor is a Section 1983 action the proper manner in which to seek to challenge his

| STATEMENT |
| --- |
| conviction for any crime relating to the firearm.  Finally, Fels claims that he was removed from a certain hospital before a doctor could operate on his back.  Fels, however, fails to provide any facts to plausibly suggest that he was denied any necessary medical care.  Fels alleges that a firearm was found in his hospital room and that he was taken by police from the room.  There are no facts to plausibly suggest that he was ultimately denied proper medical care.  The mere fact that he may not have been able to have a surgery when scheduled in the hospital of his choice does not plausibly suggest a violation of his constitutional rights.  Since Fels is proceeding *pro se*, the court has liberally construed his complaint.  Even when liberally construing the *pro se* complaint, Fels has failed to state a valid federal claim for relief.  To the extent that Fels seeks to pursue any state law claims, he has not shown that this court has subject matter jurisdiction.  Therefore, the instant action is dismissed.  All pending motions are stricken as moot. |